IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

FILED

October 18, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

AT KNOXVILLE

JUNE 1999 SESSION

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | * | C.C.A. # 03C01-9805-CR-00178 |
| Appellee, | * | Greene County |
| VS. | * | Honorable James E. Beckner, Judge |
| **KENYETTA FIELDS,** | * | (Facilitation of a Felony) |
| Appellant. | * | |

FOR THE APPELLANT:

GREG W. EICHELMAN (on appeal)
District Public Defender
1609 College Park Drive, Box 11
Morristown, TN 37813-1618

FREDICK M. LANCE (at trial)
804 Market Street
Johnson City, TN 37604

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

CLINTON J. MORGAN
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

C. BERKELEY BELL, JR.
District Attorney General

VICTOR VAUGHN
Assistant District Attorney General
109 South Main Street
Greeneville, TN 37743

OPINION FILED: _____

AFFIRMED IN PART, MODIFIED, AND REMANDED

JOHN EVERETT WILLIAMS,
Judge

# OPINION

The defendant, Kenyetta Fields, appeals his conviction and sentence for facilitation of the sale of cocaine in an amount greater than .5 grams. The defendant argues that (1) the evidence at trial was insufficient to support the jury's verdict, (2) the sentence imposed by the trial court is excessive, and (3) the trial court erred in failing to grant an alternative sentence. We AFFIRM the defendant's conviction and MODIFY the sentence imposed by the trial court.

## BACKGROUND

The defendant was arrested pursuant to an undercover operation in which TBI Agent Mike Hannon purchased 1.5 grams of cocaine from a passenger of a vehicle operated by the defendant. At the outset of the offense, the defendant and his passenger were seated in the defendant's[1] parked vehicle. Hannon and an informant parked behind them to attempt to purchase cocaine. The defendant's passenger, James Henry Davis, got out of the defendant's vehicle, approached Hannon, and asked what they wanted. Hannon responded that he wanted $250 worth of crack cocaine. Davis then went back to the defendant's car and got in the front passenger seat. Hannon testified that he observed what he thought was an exchange between Davis and the defendant. Although he did not see anything change hands, Hannon testified that the defendant and Davis engaged in conversation and physical interaction. A few moments later, Davis got out of the defendant's car, returned to Hannon, and delivered a substance that was later identified as 1.5 grams of crack cocaine. Hannon paid Davis $260, and Davis took the money back to the defendant's car. Davis and the defendant then engaged in a second transaction, after which Davis returned to Hannon with

---

[1] Although the vehicle was registered to "S. Fields" rather than to the defendant, the defendant possessed and was in control of the vehicle during the present offense, and law enforcement officers testified that they knew the defendant and had seen him driving the vehicle in the past. Thus, while we refer to the vehicle as the "defendant's," we recognize that he may not have technically owned the vehicle.

ten dollars change. The state presented testimony that the sale occurred within approximately 200 yards of a school.

Both subjects were subsequently arrested and indicted for the sale of cocaine in an amount greater than .5 grams. See Tenn. Code Ann. § 39-17-417. The defendant was tried separately before a jury. At the close of the state's proof, the defense moved for a judgment of acquittal. Finding that the evidence was sufficient to support the indictment, the trial court overruled this motion. However, the court did find it appropriate to also charge the jury on the lesser offense of facilitation. See Tenn. Code Ann. § 39-11-403. The jury found the defendant not guilty on the indicted charge but found him guilty of facilitation and imposed a fine of $50,000. The trial court then sentenced him to four years and six months in the Tennessee Department of Correction.

**ANALYSIS**

The defendant first submits that the evidence presented at trial was legally insufficient to support the jury's verdict. When a defendant challenges the sufficiency of the evidence, this Court must determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Duncan, 698 S.W.2d 63, 67 (Tenn. 1985); Tenn. R. App. P. 13(e). The appellee is entitled to the strongest legitimate view of the evidence and all reasonable inferences that may be drawn therefrom. See State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

The credibility of witnesses, the weight of their testimony, and the reconciliation of conflicts in the evidence are matters entrusted exclusively to the trier of fact. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Gentry, 881 S.W.2d 1, 3 (Tenn. Crim. App. 1993). A jury verdict for the state

accredits the testimony of the state's witnesses and resolves all conflicts in favor of the state. See State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). Moreover, a guilty verdict removes the presumption of innocence enjoyed by defendants at trial and replaces it with a presumption of guilt. See State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). Thus, an appellant challenging the sufficiency of the evidence carries the burden of illustrating to this Court why the evidence is insufficient to support the verdict. See State v. Freeman, 943 S.W.2d 25, 29 (Tenn. Crim. App. 1996).

Section 39-11-403 of Tennessee Code Annotated provides, "A person is criminally responsible for the facilitation of a felony if, knowing that another intends to commit a specific felony, but without the intent required for criminal responsibility under § 39-11-402(2), the person knowingly furnishes substantial assistance in the commission of the felony." Although more might be inferred, it is clear that the defendant provided the car that he and Davis used both as transportation to and from the drug sale and as an office of sort from which to conduct the transaction. This evidence, along with Hannon's account of the interaction between Davis and the defendant at each stage of the sale, was sufficient for a reasonable trier of fact to infer that the defendant knew of Davis' intent. The evidence also supports the jury's conclusion that the defendant knowingly furnished substantial assistance to Davis in the commission of the sale. Thus, we find the evidence sufficient to support the jury's verdict.

**SENTENCING**

The defendant next argues that his sentence is excessive and that the trial court erred in failing to impose an alternative sentence. When an accused challenges the length or manner of service of a sentence, it is the duty of this Court to conduct a de novo review on the record "with a presumption that the determinations made by the court from which the appeal is taken are correct."

Tenn. Code Ann. § 40-35-401(d). This presumption "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The appellant carries the burden of showing that his sentence is improper. See Tenn. Code Ann. § 40-35-401(d) sentencing comm'n cmts; State v. Jernigan, 929 S.W.2d 391, 395 (Tenn. Crim. App. 1996).

### *Length of Sentence*

The defendant is a Range I offender, and facilitation of the sale of cocaine in an amount greater than .5 grams is a Class C felony. See Tenn. Code Ann. §§ 39-11-403(b); 39-17-417(c)(1). Thus, the defendant is subject to a sentencing range of three to six years. See Tenn. Code Ann. § 40-35-112. The presumptive sentence for a Class C felony is the minimum in the range, absent enhancement or mitigating factors. See Tenn. Code Ann. § 40-35-210(c).

The trial court found applicable as enhancement factors that the defendant has a history of criminal behavior in addition to that necessary to establish the appropriate range, see Tenn. Code Ann. § 40-35-114(1), and that the offense occurred within 200 yards of a school, see generally Tenn. Code Ann. § 39-17-432 (establishing the area within 1000 feet of school property as a Drug-Free School Zone and providing enhanced penalties for certain offenses committed within such area). Based on these findings, and finding no mitigating factors, the court imposed a sentence of four and one-half years.

The defendant challenges both enhancements applied by the trial court as well as the trial court's rejection of two proposed mitigating factors: that "[t]he defendant's criminal conduct neither caused nor threatened serious bodily injury" and "[t]he defendant played a minor role in the commission of the offense." Tenn. Code Ann. § 40-35-113(1), (4).

As to enhancement factor (1), the defendant's presentence report reflects numerous misdemeanor convictions and his admission that he uses cocaine. The defendant does not contest the nature or extent of this criminal history. However, he argues that because all of his prior convictions were misdemeanors, factor (1) is inapplicable. This argument is without merit. The language of the enhancement statute does not limit a sentencing court to the consideration of felony convictions--or even convictions. See Tenn. Code Ann. § 40-35-114(1). Enhancement factor (1) may be applied solely on the basis of misdemeanor criminal history. See State v. Millbrooks, 819 S.W.2d 441, 446-47 (Tenn. Crim. App. 1991). Thus, the trial court's application of enhancement factor (1) was proper.

The defendant next argues that the trial court erred in enhancing his sentence based on its finding that the offense occurred within 200 yards of a school. We agree. The Drug-Free School Zone Act ("the Act") establishes the area within 1000 feet of a school property as a Drug-Free School Zone and provides for enhanced punishment–through increased offense classification and minimum sentencing--for certain offenses committed within such an area. See Tenn. Code Ann. § 39-17-432. Although the state's proof was uncontested that the defendant committed his offense within 200 yards of a school, the state did not indict the defendant under the Act. Instead, the state cited violation of the Act in its notice to seek enhanced punishment. At the defendant's sentencing hearing, the trial court correctly concluded that, because the state had not properly indicted the case, the court could not invoke the Act to increase the defendant's offense classification.[2] Nevertheless, the trial court found that the defendant's violation of the Act warranted "some consideration" and relied upon it to enhance the defendant's sentence. Because "[t]he factors contained in §§

_____

[2] We note that applying the Act would have been problematic in any event because as the defendant was not convicted, as required by the Act, of "a violation of § 39-17-417 or conspiracy to violate such section." Rather, he was convicted of facilitation of a violation of 39-17-417.

40-35-113 and -114 are the exclusive factors which may be considered in setting the length of a sentence within a given range," State v. Dykes, 803 S.W.2d 250, 258 (Tenn. Crim. App. 1990), we cannot affirm this enhancement.

The defendant next argues that the trial court erred in rejecting his assertions that he neither caused nor threatened serious bodily injury and that he played only a minor role in the commission of the offense. See Tenn. Code Ann. § 40-35-113(1), (4). We find neither factor applicable.

The threat of serious bodily injury is inherent in cocaine use. Thus, this Court has held that mitigating factor (1) should not be applied when the defendant is convicted of an offense involving cocaine. See State v. Vanderford, 980 S.W.2d 390, 407 (Tenn. Crim. App. 1997); State v. Keel, 882 S.W.2d 410, 422 (Tenn. Crim. App. 1994).

Factor (4) is also inapplicable. As noted above, the evidence is sufficient to support the jury's verdict that the defendant provided "substantial assistance in the commission of the felony." Tenn. Code Ann. § 39-11-403 (emphasis added). This conclusion contradicts the defendant's assertion that he played a minor role in the facilitation.

In summary, we conclude that the trial court properly applied enhancement factor (1) and properly rejected the mitigating factors proposed by the defendant. We cannot, however, affirm the trial court's further enhancing the defendant's sentence on the bases of considerations not included among the factors provided by Tennessee Code Annotated § 40-35-114. Because the trial court did not indicate the weight it accorded each enhancement, we undertake that effort. Unlike the issue of applicability of the enhancement, here the extent and nature of the defendant's criminal history are relevant. Although lengthy, the

defendant's criminal history is relatively minor. We conclude that this history warrants a one-year enhancement. Therefore, we modify the defendant's sentence to four years.

### *Alternative Sentencing*

The defendant next argues that the trial court erred in denying an alternative sentence. Because he is convicted of a Class C felony, the appellant is presumed eligible for alternative sentencing. See Tenn. Code Ann. § 40-35-102. Nevertheless, the trial court found that confinement was necessary to avoid depreciating the seriousness of the defendant's offense and to provide a deterrence to others likely to commit similar offenses. See Tenn. Code Ann. § 40-35-103(1)(B). The defendant attacks these findings, arguing that neither is supported by the record.

The need for deterrence cannot be conclusory only, but must be supported by evidence in record indicating that the sentence imposed would have a deterrent effect within the jurisdiction. See Ashby, 823 S.W.2d at 170; State v. Bingham, 910 S.W.2d 448, 455 (Tenn. Crim. App. 1995). In the present case, the trial court noted, sua sponte, "We have a terrible problem of crack cocaine here in Greene County." This finding, however, is not supported by any evidence in the record. Even without such evidence, the state argues that drug offenses are "deterrable per se." Although other panels of this Court have held precisely that, see, e.g., Dykes, 803 S.W.2d at 260, such holdings cannot be reconciled with our Supreme Court's holding in Ashby; which, we note, was itself a drug case. Therefore, because the record contains no supporting evidence, we conclude that confinement is not warranted in this case on the basis of a need for deterrence.[3]

---

[3] We note that the legislature has expressly found deterrence necessary with regard to certain drug offenses committed within 1000 feet of a school: "The enhanced and mandatory minimum sentence required by this section for drug offenses occurring in a Drug-Free School

Nevertheless, we affirm the trial court's finding that confinement is necessary to avoid depreciating the seriousness of the defendant's offense. For this factor to warrant a sentence of confinement, "'the circumstances of the offense as committed must be especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree,' and the nature of the offense must outweigh all factors favoring a sentence other than confinement." Bingham, 910 S.W.2d at 455 (quoting State v. Hartley, 818 S.W.2d 370, 374-75 (Tenn. Crim. App. 1991)).

The circumstances of the defendant's offense are, for the most part, unremarkable. However, as noted above, the evidence showed that the defendant committed his offense within 200 yards of a school. With its passage of the Drug-Free School Zone Act, the Tennessee legislature emphatically expressed the seriousness of this circumstance in drug-related offenses. Our review of that Act persuades us that the legislature considered drug offenses committed within a school zone to be especially reprehensible and offensive. We agree with the trial court that confinement is warranted.

**FINE**

Finally, although not raised by the parties, we note that the defendant's fine exceeds the statutory limit. The jury imposed, and the trial court approved, a fine of $50,000. The maximum allowable fine for a Class C felony is $10,000. See Tenn. Code Ann. § 40-35-111(b)(3). Article VI, Section 14 of the Tennessee Constitution provides that every citizen has the right to have a jury of his peers assess any fine in excess of fifty dollars. Accordingly, this Court may not reduce the defendant's fine to correct this error. See State v. Martin, 940

---

Zone are necessary to serve as a deterrent to such unacceptable conduct." Tenn. Code Ann. § 39-17-432(a). Although this legislative expression would arguably support a conclusion that deterrence is necessary in the present case, given our resolution below we need not develop this analysis.

S.W.2d at 567, 570-71 (Tenn. 1997). However, it is permissible to remand the case for a determination on the issue of the fine alone, so that the defendant may have a jury assess a fine within the statutory limits. See id. It is not constitutionally required that "the same jury fix the fine that finds the defendant guilty." Id. at 570. Therefore, we remand this case to the trial court where a new jury shall be empaneled to fix an appropriate fine.

## CONCLUSION

For the forgoing reasons, the defendant's conviction is AFFIRMED; his sentence is MODIFIED to four years in the Tennessee Department of Correction, and this case is REMANDED for a jury to fix the amount of the defendant's fine.


_____
JOHN EVERETT WILLIAMS, Judge



CONCUR:



_____
JOHN H. PEAY, Judge




_____
DAVID G. HAYES, Judge